UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUMANA NAGARWALA, D-1
FAKHRUDDIN ATTAR, D-2,
FARIDA ATTAR, D-3,
TAHERA SHAFIQ, D-4,
FARIDA ARIF, D-5
FATEMA DAHODWALA, D-6
HASEENA HALFAL, D-7, and
ZAINAB HARIYANAWALA, D-8

    Defendants.
_____/

Case No. 18-mc-51358

Honorable Bernard A. Friedman

DEFENDANTS' RESPONSE TO MOTION TO FILE AMICUS BRIEF AND MOTION TO STRIKE

The above-captioned Defendants, by and through their respective Counsel, respectfully request that this Court enter an order denying the AHA Foundation (hereinafter "AHA") permission to file an amicus brief and strike the pleadings already filed for the reasons stated in Defendants' Brief below. Concurrence was sought regarding the request

1

herein, however, the government and counsel for the moving party, the AHA, do not agree.

                                                Respectfully submitted,

Dated: 10/9/2018          /s/ Shannon M. Smith
                                   SHANNON M. SMITH
                                   Attorney for Jumana Nagarwala

Dated: 10/9/2018          /s/ Mary Chartier
                                   MARY CHARTIER
                                   Attorney for Fakhruddin Attar

Dated: 10/9/2018          /s/ Matthew Newburg
                                   MATTHEW NEWBURG
                                   Attorney for Farida Attar

Dated: 10/9/2018          /s/ Jerome Sabbota
                                   JEROME SABBOTA
                                   Attorney for Tahera Shafiq

Dated: 10/9/2018          /s/ Anjali Prasad
                                   ANJALI PRASAD
                                   Attorney for Farida Arif

Dated: 10/9/2018          /s/ Brian M. Legghio
                                   BRIAN M. LEGGHIO
                                   Attorney for Fatema Dahodwala

Dated: 10/9/2018          /s/ Lisa L. Dwyer
                                   LISA L. DWYER
                                   Attorney for Haseena Halfal

Dated: 10/9/2018          /s/ Patricia A. Maceroni
                                   PATRICIA A. MACERONI
                                   Attorney for Zainab Hariyanawala

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-mc-51358 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION TO FILE AMICUS BRIEF AND MOTION TO STRIKE |
| JUMANA NAGARWALA, D-1 FAKHRUDDIN ATTAR, D-2, FARIDA ATTAR, D-3, TAHERA SHAFIQ, D-4, FARIDA ARIF, D-5 FATEMA DAHODWALA, D-6 HASEENA HALFAL, D-7, and ZAINAB HARIYANAWALA, D-8 | |
| Defendants. | |
| _____/ | |

## BACKGROUND INFORMATION

The above-captioned Defendants are charged by a Third Superseding Indictment in Case Number 17-cr-20274, pending before this Honorable Court. (Doc. 334.) The Defendants are charged with various counts of Female Genital Mutilation, contrary to 18 U.S.C. §§ 116 and 2, and Conspiracy to Commit Female Genital Mutilation,

3

contrary to 18 U.S.C. § 371. Defendants filed a Motion to Dismiss Counts 1 through 5 of the Indictment, and with the Court's permission, filed a lengthy Brief arguing that Congress exceeded its constitutional authority in the passage of 18 U.S.C. § 116 (at the time only the Second Superseding Indictment had been filed). (Doc. 307.) On September 17, 2018, the government filed a lengthy response, which included a 55-page brief accompanied by 21 exhibits, totaling 290 pages. The lead author of the government's brief is an attorney at the Department of Justice in Washington, D.C., who specializes in human rights and special prosecutions. (Doc. 336.)

The same day the government filed its response, the AHA, through its attorneys, sought concurrence from the above-captioned Defendants to file an amicus brief. On September 24, 2018, the AHA filed a motion to file an amicus brief to support the government and filed a proposed 26-page amicus brief. According to its pleadings, the AHA is a ten-year-old interest group "that promotes the rights of women and girls here and abroad." (Doc. 2 at 2.) For the reasons cited below, Defendants request this court to deny the motion of AHA and strike the current proposed amicus brief that has been filed.

4

# ARGUMENT

A.    **The Rules of Criminal Procedure and Local Court Rules do not anticipate the filing of amicus briefs at this stage of litigation.**

Neither the Rules of Criminal Procedure nor this District's Local Rules allow for the filing of an amicus brief at this stage in District Court. Federal Rule of Appellate Procedure 29 governs the filing of amicus briefs on appeal. Defendants suggest it provides appropriate guidance for the Court.

F.R.A.P. 29 provides that other than the government or a state, "[a]ny other amicus curiae may file a brief only by leave of court." F.R.A.P. 29(2). A motion for leave to file an amicus brief must be accompanied by the proposed brief and state the movant's interest and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." F.R.A.P. 29(3).[1]

The purpose of an amicus brief is to assist the Court and to provide unique information or perspective beyond that which the lawyers for the parties are able to provide. In *Ryan v. Commodity*

---

[1] The length of the brief may be no more than one half the maximum authorized for a party's principal brief, and if a court grants a party permission to file a longer brief, that extension does not extend the length of an amicus brief. F.R.A.P. 29(5).

*Futures Trading Commission*, 125 F. 3d 1062, 1062-1063 (7th Cir. 1997), in an opinion by Judge Posner in chambers, the Court declined the request of the Commission to file an amicus brief, because the proposed brief simply echoed arguments already made by the Petitioner:

> The tendency of many judges of this court, including myself, has been to grant motions for leave to file amicus curiae briefs without careful consideration of "the reasons why a brief of an amicus curiae is desirable," although the rule makes this a required part of the motion. After 16 years of reading amicus curiae briefs the vast majority of which have not assisted the judges, I have decided that it would be good to scrutinize these motions in a more careful, indeed a fish-eyed, fashion.
>
> **The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief.** Such amicus briefs should not be allowed. They are an abuse. **The term "amicus curiae" means friend of the court, not friend of a party**. *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir.1991). We are beyond the original meaning now; an adversary role of an amicus curiae has become accepted. Id. at 165. But there are, or at least there should be, limits. *Cf. New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir.1979). **An amicus brief should normally be allowed** when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or **when**

> the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. See, *e.g., Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir.1982) (per curiam). Otherwise, leave to file an amicus curiae brief should be denied.
>
> * * *
>
> **We are not helped by an amicus curiae's expression of a "strongly held view" about the weight of the evidence**, see *New England Patriots Football Club, Inc. v. University of Colorado, supra*, 592 F.2d at 1198 n. 3, **but by being pointed to considerations germane to our decision of the appeal that the parties for one reason or another have not brought to our attention**. The amicus briefs filed in this court rarely do that; and this amicus brief is not one of the rare exceptions. (Citations omitted.)(Emphasis added.)

See also, *National Organization for Women v. Scheidler*, 223 F. 3d 615, 617 (7th Cir. 2000) ("Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal."); *Voices for Choices v. Illinois Bell*, 339 F.3d 542 (7th Cir. 2003); *In Re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012).

The proposed amicus brief of the AHA does not provide a unique perspective or arguments to the Court which are not already advanced by the government in its extensive filing. The first several pages of the

7

AHA brief are devoted to policy and not legal arguments, which are not at issue in the motion.  The remaining ten pages merely restate arguments already made by the government in its extensive filing.  The government brief, authored in part by a Department of Justice specialist, covers the issues in great detail.  While the AHA may have strong opinions on public policy regarding the subject, the proposed brief does not provide anything unique not already presented by the parties which would aid the Court in deciding the constitutional issues.

    **B.**    **The AHA does not have access to the discovery in this matter and relies on irrelevant information to the case to advance its agenda.**

On June 2, 2017, the Court entered a protective order regarding discovery and related materials. (Doc. 48.) The protective order requires the parties to treat discovery materials as confidential. As such, when pre-trial motions have referenced details from discovery in this matter, the defense and the prosecution have typically filed motions and responses under seal. Upon information and belief, the AHA is not privy to discovery materials, nor would it have the ability to learn about nuanced circumstances of the case from public pleadings.  As such,

much of the information the AHA relies on has absolutely no value or relevance to this instant case.

The AHA's own brief recognizes the fact that female genital cutting issues are "manifold" and that communities around the world perform genital cutting for a variety of reasons. (Doc. 2 at 3.) The brief is clearly based on information that is not specific to the Dawoodi Bohra, as evidenced by the map of Africa included in the brief. (*Id.* at 4.) Much of the "research" and the web sites relied upon by the AHA likewise have nothing to do with this case and are not studies regarding Dawoodi Bohra. The AHA simply relies on the biased narratives of advocacy groups, emotional diatribes of people who have no relevant information to this instant case, and statistics from other parts of the world that do little to advance or explain the legal issues in this case.

Further, the "facts" upon which the AHA relies on to support its argument about interstate commerce are not based on information or facts that apply to the Dawoodi Bohra, nor are they facts that were before Congress when enacting the statute, which is what is actually at issue here. For example, the AHA makes asserts that the purpose of any procedure is to increase the "bride price" for marriage. (Doc. 2 at 9.)

9

This "fact" has absolutely no relevance to the case and the government does not even make such an allegation against Defendants.

While the amicus brief would have the Court believe it relies on allegations from the Third Superseding Indictment, the AHA misstates even the simplest of facts. For example, when the AHA statement that "the majority of victims were spirited across state lines— specifically, from Minnesota and Illinois to Michigan—to be cut by Defendants…" is not only irrelevant to the issue at hand, it is simply untrue and not even alleged by the government. (Doc. 2 at 10.) Further, the information that genital cutting is a "pre-condition for marriage because circumcised girls are more marriageable and attract better bride prices…" is not only completely inapplicable to the question presented by Defendants' Motion, but the AHA's discussion regarding examples of dowries in Kenya is again irrelevant to the question presented here. (*Id.* at 13.)

Finally, based upon discovery received under protective order, it appears that two individuals with close connections to the AHA were cooperating witnesses for the government during the investigation of this instant case. Those individuals have also made public statements regarding this case and remain potential government trial witnesses.

10

It is not the function of an amicus brief to serve as a megaphone for individuals who want to be involved in the case, whether as cooperating witnesses or as members of the public closely following a case for personal reasons. *Amici curiae* are friends of the Court, not friends of the government. Allowing the filing of an amicus brief such as this provides an opportunity for publicity, regardless whether the individual's opinions are based on the facts of the case.[2] Clearly, in this instant case, these individuals have an agenda that has nothing to do with the actual facts of the case. As likely was the intervening group's intent, publicity and news coverage has already resulted from the AHA's filings. Such publicity is beyond the ability of the Court to control. Consequently, this publicity will likely poison the pool of potential jurors who may rely on the inaccurate, baseless information submitted by the movant.

For all the above reasons, Defendants request that the Court deny the motion to file an amicus brief and order it stricken.

---

[2] There has already been news coverage of the filing of amicus briefs. *See, e.g.* https://www.detroitnews.com/story/news/local/detroit-city/2018/09/25/brides-who-undergo-genital-mutilation-fetch-higher-price-group-claims/1420141002/

11

                                                      Respectfully submitted,

Dated:  10/9/2018             /s/ Shannon M. Smith
                                     SHANNON M. SMITH
                                     Attorney for Jumana Nagarwala

Dated:  10/9/2018             /s/ Mary Chartier
                                     MARY CHARTIER
                                     Attorney for Fakhruddin Attar

Dated:  10/9/2018             /s/ Matthew Newburg
                                     MATTHEW NEWBURG
                                     Attorney for Farida Attar

Dated:  10/9/2018             /s/ Jerome Sabbota
                                     JEROME SABBOTA
                                     Attorney for Tahera Shafiq

Dated:  10/9/2018             /s/ Anjali Prasad
                                     ANJALI PRASAD
                                     Attorney for Farida Arif

Dated:  10/9/2018             /s/ Brian M. Legghio
                                     BRIAN M. LEGGHIO
                                     Attorney for Fatema Dahodwala

Dated:  10/9/2018             /s/ Lisa L. Dwyer
                                     LISA L. DWYER
                                     Attorney for Haseena Halfal

Dated:  10/9/2018             /s/ Patricia A. Maceroni
                                     PATRICIA A. MACERONI
                                     Attorney for Zainab Hariyanawala

## CERTIFICATE OF SERVICE

I hereby certify that on 9th day of October 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

<div style="margin-left:auto;">

/s/ Shannon M. Smith
SHANNON M. SMITH
Attorney for Defendant Jumana Nagarwala
Smith Blythe, PC
1668 South Telegraph Road
Suite 140
Bloomfield Hills, Michigan 48302
(248) 636-2595
attorneyshannon@gmail.com

</div>