UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,                Case No.  18-mc-51358

           Plaintiff,                     Honorable Bernard A. Friedman

v.

                                      DEFENDANTS' RESPONSE TO
                                      MOTION TO FILE AMICUS
                                      BRIEF AND MOTION TO
                                        STRIKE

JUMANA NAGARWALA, D-1
FAKHRUDDIN ATTAR, D-2,
FARIDA ATTAR, D-3,
TAHERA SHAFIQ, D-4,
FARIDA ARIF, D-5
FATEMA DAHODWALA, D-6
HASEENA HALFAL, D-7, and
ZAINAB HARIYANAWALA, D-8

           Defendants.
_____/

    The above-captioned Defendants, by and through their respective

Counsel, respectfully request that this Court enter an order denying

permission to file an amicus brief and strike the pleadings already filed

by Equality Now, Sahiyo, WeSpeakOut, and Safe Hands for Girls for

the reasons stated in Defendants' Brief below. Concurrence was sought

regarding the request herein, however, the government and counsel for

the moving parties, Equality Now, WeSpeakOut, Sahiyo and Safe Hands for Girls, do not agree.

Respectfully submitted,

Dated:  10/10/2018                   /s/ Shannon M. Smith
                                    SHANNON M. SMITH
                                    Attorney for Jumana Nagarwala

Dated:  10/10/2018                   /s/ Mary Chartier
                                    MARY CHARTIER
                                    Attorney for Fakhruddin Attar

Dated:  10/10/2018                   /s/ Matthew Newburg
                                    MATTHEW NEWBURG
                                    Attorney for Farida Attar

Dated:  10/10/2018                   /s/ Jerome Sabbota
                                    JEROME SABBOTA
                                    Attorney for Tahera Shafiq

Dated:  10/10/2018                   /s/ Anjali Prasad
                                    ANJALI PRASAD
                                    Attorney for Farida Arif

Dated:  10/10/2018                   /s/ Brian M. Legghio
                                    BRIAN M. LEGGHIO
                                    Attorney for Fatema Dahodwala

Dated:  10/10/2018                   /s/ Lisa L. Dwyer
                                    LISA L. DWYER
                                    Attorney for Haseena Halfal

Dated:  10/10/2018                   /s/ Patricia A. Maceroni
                                    PATRICIA A. MACERONI
                                    Attorney for Zainab Hariyanawala

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,           Case No.  18-mc-51358

        Plaintiff,                          Honorable Bernard A. Friedman

v.                                          **BRIEF IN SUPPORT OF
                                            DEFENDANTS' RESPONSE TO
                                            MOTION TO FILE AMICUS
                                            BRIEF AND MOTION TO
                                            STRIKE**

JUMANA NAGARWALA, D-1
FAKHRUDDIN ATTAR, D-2,
FARIDA ATTAR, D-3,
TAHERA SHAFIQ, D-4,
FARIDA ARIF, D-5
FATEMA DAHODWALA, D-6
HASEENA HALFAL, D-7, and
ZAINAB HARIYANAWALA, D-8

        Defendants.
_____/


## BACKGROUND INFORMATION

In the above-captioned matter, Defendants are charged by a Third

Superseding Indictment in Case Number 17-cr-20274, pending before

this Honorable Court. (Doc. 334.) Defendants are charged with various

counts of Female Genital Mutilation, contrary to 18 U.S.C. §§ 116 and

2, and Conspiracy to Commit Female Genital Mutilation, contrary to 18

U.S.C. § 371.  Defendants filed a Motion to Dismiss Counts 1 through 5

of the Indictment, and with the Court's permission, a lengthy Brief

arguing that Congress exceeded its constitutional authority in the

passage of 18 U.S.C. § 116 (at the time only the Second Superseding

Indictment had been filed).  (Doc. 307.) On September 17, 2018, the

government filed a lengthy response which included a 55-page brief

accompanied by 21 exhibits, totaling 290 pages.  The lead author of the

government's brief is an attorney at the Department of Justice in

Washington, D.C., who specializes in human rights and special

prosecutions.  (Doc. 336.)

One day after the government filed its response, on September 18,

2018, Equality Now, through its attorneys, sought concurrence from the

above-captioned Defendants to file an amicus brief.  On September 24,

2018, Equality Now, Sahiyo, WeSpeakOut, and Safe Hands for Girls

filed a joint motion to file an amicus brief to support the government

and filed a proposed 26-page amicus brief, along with 15 pages in

Appendices.  According to the pleadings, Equality Now is "an

international human rights organization that advocates for the

protection and promotion of the rights of women and girls worldwide…"

(Doc. 4 at 1.) Safe Hands for Girls is an organization "to help eradicate FGM and other gender-based violence." *(Id.)* Equality Now and Safe Hands for Girls do not claim to have any relationship to the Dawoodi Bohra and rely on an abundance of material that is not relevant to this instant case.

Sahiyo claims to be "a non-governmental organization that empowers Asian communities—including the Bohra community—to end FGM..." (Doc. 4 at 2.). WeSpeakOut claims to be "the largest FGM survivor-led organization of Bohra women in India." (Doc. 4 at 3.)  Both Sahiyo and WeSpeakOut claim to have studied the Bohra community and the practice of *khafz* or *khatna.* "*Khafz*" is the term that describes the Dawoodi Bohra's religious practice of female circumcision.

While Sahiyo and WeSpeakOut claim their "research" concludes that women in the Dawoodi Bohra community want the practice stopped, this has **absolutely no relevance** on the matter before the Court with regard to Congress' authority to enact 18 U.S.C. § 116.  The fact that WeSpeakOut is involved with "pending litigation before the Supreme Court of India concerning the practice" additionally offers **no value or relevance** to this case.  (Doc. 4 at 3.)

Similarly, the "research" that Sahiyo and WeSpeakOut rely on is

not applicable or persuasive to the issue at hand – determining whether

the United States Congress had proper legal authority to enact the

FGM law. It is significant, however, to point out that while these groups

characterize themselves as Dawoodi Bohra, they are not a part of the

religious organization that Defendants in this instant case belong to.

To the contrary, there are a number of Dawoodi Bohra who claim to

practice a more "progressive" form of the religion.

Additionally, there also exists a splinter group of Dawoodi Bohra.

In 2014, the Dawoodi Bohra Muslims Dawoodi Bohra Muslims became

divided, primarily due to a succession battle over leadership.[1]  Legal

disputes over who is considered the spiritual leader of the Bohras

continue in the High Courts of India.  The Defendants in this instant

case believe that Mufaddal Saifuddin was nominated the successor

spiritual leader at the time of his father's death.  The splinter sect of

Dawoodi Bohra believe that it was not the leader's son, but rather his

half-brother, Khuzaima Qutbuddin, who became the successor.  Issues

that have further divided the sects include the centuries old practice of

---

[1] *See e.g.* https://www.thenational.ae/world/leadership-dispute-divides-india-s-dawoodi-

female circumcision.  While these issues may be relevant at trial in this matter, they are not relevant as to Congress' authority to enact the FGM statute. Nevertheless, many who claim to be "Dawoodi Bohra" are not a part of the organization the Defendants in this case belong to.

Further, the "progressive" Dawoodi Bohra group also does not adhere to all of the requirements of the religion.  An issue in dispute between the devout Dawoodi Borhra and the progressive members includes the issue of female circumcision.  Again, this is irrelevant to the issue at hand – whether Congress had authority to enact the statute – however, it provides context to the agendas of those seeking to file amicius materials in this case.

Additionally, the movants' Appendix 2, which contains stories of women who have undergone "mutilation," may be emotionally charged, yet, the stories of random women also offer no value to the movants' argument.  This is particularly true when some of the authors have admitted to the schism between the sects of the Dawoodi Bohra. Further, some of the women who wrote the stories come from the community of "progressives" who clearly have a bias and agenda in

---

bohra-sect-1.284402 (Accessed October 5, 2018).

mind, which has zero to offer in terms of whether Congress had

authority to enact the law at issue.

For the reasons cited below, in addition to the complete

irrelevance of the information discussed above, Defendants request this

Court deny the motion of Equality Now, WeSpeakOut, Sahiyo and Safe

Hands for Girls and strike the current proposed amicus brief that has

been filed.

## ARGUMENT

A.   **The Rules of Criminal Procedure and Local Court Rules do not anticipate the filing of amicus briefs at this stage of litigation.**

Neither the Rules of Criminal Procedure nor this District's Local

Rules allow for the filing of an amicus brief at this stage in District

Court.  Federal Rule of Appellate Procedure 29 governs the filing of

amicus briefs on appeal.  Defendants suggest it provides appropriate

guidance for the Court.

F.R.A.P. 29 provides that other than the government or a state,

"[a]ny other amicus curiae may file a brief only by leave of court."

F.R.A.P. 29(2).  A motion for leave to file an amicus brief must be

accompanied by the proposed brief and state the movant's interest and

"the reason why an amicus brief is desirable and why the matters
asserted are relevant to the disposition of the case."  F.R.A.P. 29(3).[2]

The purpose of an amicus brief is to assist the Court and to
provide unique information or perspective beyond that which the
lawyers for the parties are able to provide.  In *Ryan v. Commodity
Futures Trading Commission*, 125 F. 3d 1062, 1062-1063 (7th Cir.
1997), in an opinion by Judge Posner in chambers, the Court declined
the request of the Commission to file an amicus brief, because the
proposed brief simply echoed arguments already made by the
Petitioner:

> The tendency of many judges of this court, including myself,
> has been to grant motions for leave to file amicus curiae
> briefs without careful consideration of "the reasons why a
> brief of an amicus curiae is desirable," although the rule
> makes this a required part of the motion.  After 16 years of
> reading amicus curiae briefs the vast majority of which have
> not assisted the judges, I have decided that it would be good
> to scrutinize these motions in a more careful, indeed a fish-
> eyed, fashion.
>
> **The vast majority of amicus curiae briefs are filed by allies of
> litigants and duplicate the arguments made in the litigants'
> briefs, in effect merely extending the length of the litigant's
> brief.**  Such amicus briefs should not be allowed.  They are

---

[2]  The length of the brief may be no more than one half the maximum authorized for a
party's principal brief, and if a court grants a party permission to file a longer brief, that
extension does not extend the length of an amicus brief. F.R.A.P. 29(5).

an abuse.  **The term "amicus curiae" means friend of the court, not friend of a party**.  *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir.1991).  We are beyond the original meaning now;  an adversary role of an amicus curiae has become accepted. Id. at 165.   But there are, or at least there should be, limits.  *Cf.  New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir.1979).  **An amicus brief should normally be allowed** when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or **when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide**.  See, *e.g., Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir.1982) (per curiam).  Otherwise, leave to file an amicus curiae brief should be denied.

* * *

**We are not helped by an amicus curiae's expression of a "strongly held view" about the weight of the evidence**, see *New England Patriots Football Club, Inc. v. University of Colorado, supra*, 592 F.2d at 1198 n. 3, **but by being pointed to considerations germane to our decision of the appeal that the parties for one reason or another have not brought to our attention**.  The amicus briefs filed in this court rarely do that; and this amicus brief is not one of the rare exceptions. (Citations omitted.)(Emphasis added.)

See also, *National Organization for Women v. Scheidler*, 223 F. 3d 615, 617 (7th Cir. 2000) ("Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome

of the appeal."); *Voices for Choices v. Illinois Bell*, 339 F.3d 542 (7th Cir. 2003); *In Re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012).

The proposed amicus brief (Doc. 4) does not provide a unique perspective or arguments to the Court which are not already advanced by the government in its extensive filing.  The first argument in the brief centers on the claim that FGM is a serious human rights violation that affects girls and women worldwide.  This proposition not only has no relevance to Congress' authority to enact law, it is also sufficiently addressed by the government in their filing.  In their second argument, the amicus brief does not state any new positions or arguments other than what the government has already stated in its lengthy, detailed response brief, drafted by a Department of Justice specialist.

Further, the argument detailing other countries that have passed laws against FGM is relevant to neither this Court's determination regarding the motion at hand, nor to Congress' authority to enact laws in the United States.  All of the information relating to other countries such as the United Kingdom, New Zealand, Canada, Germany, South Africa, and Kenya should be struck.  In the section regarding treaties, again, the amicus brief offers no new arguments than what the

government has already covered in its response.  Citing to the status of

the FGM laws in Europe and Africa is irrelevant.  (Doc. 4 at 19.)

Finally, the Commerce Clause argument also merely restates the

position of the government.  Pointing out the prevalence of state-level

bans highlights that this is not an issue beyond state control but an

issue that can, and is, appropriately handled by the states.

The government brief, authored at least in part by a Department

of Justice specialist, adequately and more than covers the issues in

great detail, far beyond the amicus brief at issue and certainly in a

more neutral, less inflammatory tone.  While Equality Now, Sahiyo,

WeSpeakOut, and Safe Hands for Girls may have strong opinions on

public policy and agendas regarding the subject, the proposed brief does

not provide anything unique not already presented by the parties which

would aid the Court in deciding the constitutional issues.

B.     **The organizations involved in the amicus brief do not have access to the discovery in this matter and rely on completely irrelevant information to advance their arguments.  Further, certain organizations involved are run, at least in part, by cooperating witnesses for the government and should not be allowed to forward their agendas via amicus briefs.**

On June 2, 2017, the Court entered a protective order regarding discovery and related materials. (Doc. 48.) The protective order requires the parties to treat discovery materials as confidential. As such, when pre-trial motions have referenced details from discovery in this matter, the defense and the prosecution have typically filed motions and responses under seal. Upon information and belief, Equality Now, Sayiho, WeSpeakOut and Safe Hands for Girls are not privy to discovery materials, nor would they have the ability to learn about nuanced circumstances of the case from public pleadings.  As such, much of the information relied upon by these organizations has absolutely no value or relevance to this instant case as explained in Argument A, *supra.*

Finally, based upon discovery received under protective order, it appears that individuals who are cooperating witnesses are also extremely active members in at least two of the organizations that drafted the amicus brief.  Those individuals have already made public statements and written an abundance of material available online regarding this case and their positions.  As these cooperating witnesses remain potential government trial witnesses, they should not be able to

use amicus pleadings to advance their agendas.

It is not the function of an amicus brief to serve as a megaphone for individuals who want to be involved in the case, whether as cooperating witnesses or as members of the public closely following a case for personal reasons. *Amici curiae* are friends of the Court, not friends of the government. Allowing the filing of an amicus brief such as this provides an opportunity for publicity, regardless of whether the individual's opinions are based on the facts of the case.[3] Clearly, in the instant case, these individuals have an agenda that have nothing to do with the actual facts of the case. Such publicity that has in fact resulted, and will continue to result from, amicus filings is beyond the ability of the Court to control and will adversely poison the pool of potential jurors against the defense, who may rely on inaccurate, baseless information.

For all the above reasons, Defendants request that the Court deny the motion for permission to file an amicus brief and order it stricken.

---

[3] There has already been news coverage of the filing of amicus briefs. *See, e.g.* https://www.detroitnews.com/story/news/local/detroit-city/2018/09/25/brides-who-undergo-genital-mutilation-fetch-higher-price-group-claims/1420141002/.

Respectfully submitted,

Dated:  10/10/2018          /s/ Shannon M. Smith
                           SHANNON M. SMITH
                           Attorney for Jumana Nagarwala


Dated:  10/10/2018          /s/ Mary Chartier
                           MARY CHARTIER
                           Attorney for Fakhruddin Attar


Dated:  10/10/2018          /s/ Matthew Newburg
                           MATTHEW NEWBURG
                           Attorney for Farida Attar


Dated:  10/10/2018          /s/ Jerome Sabbota
                           JEROME SABBOTA
                           Attorney for Tahera Shafiq


Dated:  10/10/2018          /s/ Anjali Prasad
                           ANJALI PRASAD
                           Attorney for Farida Arif


Dated:  10/10/2018          /s/ Brian M. Legghio
                           BRIAN M. LEGGHIO
                           Attorney for Fatema Dahodwala


Dated:  10/10/2018          /s/ Lisa L. Dwyer
                           LISA L. DWYER
                           Attorney for Haseena Halfal


Dated:  10/10/2018          /s/ Patricia A. Maceroni
                           PATRICIA A. MACERONI
                           Attorney for Zainab Hariyanawala


15

## CERTIFICATE OF SERVICE

I hereby certify  that  on the 10th of October 2018,  I  electronically filed  the foregoing  document  with  the  Clerk  of  the  Court  using  the ECF  system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/ Shannon M. Smith
SHANNON M. SMITH
Attorney for Defendant Jumana Nagarwala
Smith Blythe, PC
1668 South Telegraph Road
Suite 140
Bloomfield Hills, Michigan 48302
(248) 636-2595
attorneyshannon@gmail.com