**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Miscellaneous Action No. 18-mc-51358

Criminal Action No. 17-cr-20274

Hon. Bernard A. Friedman
Mag. David R. Grand

_____

United States of America,

Plaintiff,

v.

Jumana Nagarwala, *et al.*,

Defendants.

_____

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE
TO FILE BRIEF OF PROPOSED *AMICUS CURIAE* AHA FOUNDATION
AND OPPOSITION TO DEFENDANTS' RESPONSE TO MOTION
TO FILE *AMICUS* BRIEF AND MOTION TO STRIKE**

Gregory Starner (NY Bar No. 4146601)
Samuel P. Hershey (NY Bar No. 5100854)
Ariel I. Oseasohn (NY Bar No. 5366174)
Mark Franke (NY Bar No. 5198999)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
Fax: (212) 354-8113
gstarner@whitecase.com
sam.hershey@whitecase.com
ariel.oseasohn@whitecase.com
mark.franke@whitecase.com

*Counsel for Proposed Amicus Curiae
AHA Foundation*

Proposed *amicus curiae* AHA Foundation submits this reply brief in further support of its Motion for Leave to File Brief of Proposed *Amicus Curiae* AHA Foundation [D.I. 2] (the "Motion")[1] and in opposition to Defendants' Response to Motion to File *Amicus* Brief and Motion to Strike [D.I. 5] (the "Opposition").

**Argument**

AHA Foundation submits this short reply brief to refute the baseless arguments in Defendants' Opposition. As discussed below, despite Defendants' claims to the contrary, trial courts in this District (including this Court) welcome *amicus* briefs; Defendants' arguments would bar any party from filing an *amicus* brief in any case; and Defendants' objections to AHA Foundation's proposed *amicus* brief lack merit. Accordingly, this Court should grant the Motion, overrule Defendants' objections and deny the Opposition.

**I.      Far from being prohibited, courts in this District welcome *amicus* briefs.**

Defendants argue that "[n]either the Rules of Criminal Procedure nor this District's Local Rules allow for the filing of an *amicus* brief at this stage in District Court." Opp. at 5. AHA Foundation acknowledges that the rules cited by Defendants are silent as to *amicus* briefs. *See* Motion at 1. But just because *amicus* briefs are not <u>discussed</u> in those rules does not mean *amicus* briefs are not <u>allowed</u> by those rules. To the contrary, *amicus* briefs are frequently accepted by courts in this District. *See, e.g.*, *Johnson v. Williams*, No. 15-13856, 2017 U.S. Dist. LEXIS 156149, at *2-3 (E.D. Mich. Sep. 25, 2017) (noting that "[t]he Michigan Association for Justice and the Michigan Defense Trial Counsel submitted *amicus* briefs"); *United States v. Florists' Tel. Delivery Ass'n*, Case No. 15748, Case No. 28784, 1990 U.S. Dist. LEXIS 20841, at *1 (E.D. Mich. Nov. 3, 1990) (noting that "three *amicus* briefs were filed" by various

---

[1]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

companies); *Mercer v. Mich. State Bd. of Educ.*, 379 F. Supp. 580, 583 (E.D. Mich. 1974) (noting that "[t]he Northeast Mothers Alert filed an *[a]micus* brief").

Moreover, *amicus* briefs have previously been accepted by this Court. *See Deboer v. Snyder*, Case No. 2:12-cv-10285 (E.D. Mich. 2013) (Friedman, J.), Dkt. No. 51 (order granting American Civil Liberties Union leave to file *amicus* brief); Dkt. No. 72 (order granting Michigan Law Professors, Michigan Catholic Conference and Michigan Family Forum leave to file *amicus* briefs). Importantly, these *amicus* briefs were allowed even though not all parties consented to their filing. *See* Case No. 2:12-cv-10285, Dkt. No. 66 at 4 ("Defendants Snyder and Schuette have withheld their consent"); Dkt. No. 70 at 3 ("Plaintiffs have withheld their consent").

Just as the American Civil Liberties Union argued in seeking leave to file its *amicus* brief in *Deboer v. Snyder*, AHA Foundation believes that, as a "national organization dedicated to advancing legal rights for" women and girls, it is "uniquely situated to address" this case. *See Deboer v. Snyder*, Case No. 2:12-cv-10285, Dkt. No. 49 at 4; *see also Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) ("An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."). Moreover, for the reasons stated in the Motion, like *Deboer v. Snyder*, this case presents novel issues of national importance. It is in just such cases that a court most benefits from the perspective of *amici curiae*.

For these reasons, AHA Foundation respectfully requests that the same relief granted to proposed *amici curiae* in *Deboer v. Snyder* be granted here.

### II. Defendants' arguments would bar any party from filing an *amicus* brief in any case.

Defendants argue that the Motion should be denied because "the AHA [*sic*] is not privy to discovery materials, nor would it have the ability to learn about nuanced circumstances of the

2

case from public pleadings." Opp. at 8. But every *amicus curiae*, as a non-party to the proceedings, lacks access to discovery materials and the full scope of information available to the parties. Defendants' objection, if heeded, would make filing *amicus* briefs impossible.

Moreover, Defendants cite Judge Posner for the proposition that courts "are not helped by an *amicus curiae*'s expression of a strongly held view about the weight of the evidence." Opp. at 7 (citing *Ryan v. Commodity Futures Trading Commission*, 125 F. 3d at 1062-1063). Yet that is precisely what Defendants fault AHA Foundation for not providing. Defendants' objection, therefore, fails on its own terms.[2]

### III. Defendants fail to identify any procedural or substantive defect with AHA Foundation's proposed *amicus* brief.

Straining to find grounds to deny the Motion, Defendants raise a slew of objections to AHA Foundation's proposed *amicus* brief. None has merit.

*First*, Defendants argue that an *amicus* brief "may be no more than one half the maximum authorized for a party's principal brief." Opp. at 5, n.1. AHA Foundation agrees, which is why its *amicus* brief runs 21 pages—not 26 pages, as Defendants claim. Opp. at 4. It is thus less than half the length of the United States' 45-page brief. Moreover, AHA Foundation's *amicus* brief contains fewer than 6,500 words, the limit under the appellate rules. *See* Fed. R. App. P. 29(a)(5). AHA Foundation's *amicus* brief thus complies with all relevant procedural requirements.

*Second*, Defendants repeatedly claim that "[t]he proposed *amicus* brief of the AHA [*sic*] does not provide a unique perspective or arguments to the Court which are not already advanced

---

[2] Despite arguing that AHA Foundation lacks access to inside information about this case, Defendants also claim, without any evidence, that "it appears that two individuals with close connections to the AHA [*sic*] were cooperating witnesses for the government during the investigation of this instant case." Opp. at 10. While it is difficult to respond to such vague allegations, which fail to identify the individuals in question or the nature of their "close connections," AHA Foundation affirms that, to the best of its knowledge, no past or present director, officer or employee has served as a witness in this case. Additionally, for the avoidance of doubt, AHA Foundation affirms that no party to this action drafted or funded any part of its *amicus* brief. *See* Fed. R. App. P. 29(a)(4)(E)(i).

3

by the government in its extensive filing." Opp. at 7; *see also* Opp. at 8 ("The remaining ten pages merely restate arguments already made by the government in its extensive filing"); *id.* ("[T]he proposed brief does not provide anything unique not already presented by the parties"). But simply repeating this conclusory assertion does not make it true. Indeed, Defendants fail to identify a single argument made by AHA Foundation that was also made by the United States—because there is none. While the United States and AHA Foundation both advance arguments regarding the Commerce Clause and Treaty Clause (as do Defendants), even a cursory review of both briefs reveals that those arguments are entirely distinct. Moreover, Defendants elsewhere complain that AHA Foundation's discussion of bride prices raises an argument "the government does not even make." Opp. at 10. Defendants cannot have it both ways.[3]

*Third*, it is of no consequence that facts AHA Foundation "relies on to support its argument about interstate commerce are not based on information or facts that apply to the Dawoodi Bohra." Opp. at 9. AHA Foundation had no need to focus on the Dawoodi Bohra, since Defendants argue that Section 116 is unconstitutional in all cases, not just in this case. Indeed, Defendants' motion to dismiss does not mention the Dawoodi Bohra even <u>once</u>. It also matters not that certain facts in AHA Foundation's *amicus* brief may not have been "before Congress when enacting the statute." *Id.* As AHA Foundation previously noted, "because [courts] never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

---

[3] Defendants also object that "[t]he first several pages of the AHA brief are devoted to policy and not legal arguments[.]" Opp. at 7-8. Yet policy arguments by an *amicus curiae* are as old as the Brandeis Brief. Moreover, such arguments perfectly align with guidance under the Supreme Court rules that an *amicus curiae* should "bring to the attention of the Court relevant matter not already brought to its attention by the parties." *See* Rule 37 of the Rules of the Supreme Court of the United States.

4

*Finally*, AHA Foundation rejects Defendants' claim that it seeks leave to file an *amicus* brief to promote its "agenda" and generate "publicity and news coverage." Opp. at 11. AHA Foundation is a non-profit, non-partisan human rights organization, and its legal representation in this matter is provided *pro bono*. While AHA Foundation's proposed *amicus* brief may have generated attention, just as "publicity is beyond the ability of the Court to control," Opp. at 11, so too is it beyond the ability of AHA Foundation to control. That is no reason to impugn AHA Foundation's motives. And it is certainly no reason to deny its Motion.

## Conclusion

For the reasons stated herein, AHA Foundation respectfully requests that this Court (i) grant the Motion, (ii) overrule Defendants' objections and (iii) deny the Opposition.

Respectfully submitted,

*s/ Mark Franke*
Gregory Starner (NY Bar No. 4146601)
Samuel P. Hershey (NY Bar No. 5100854)
Ariel I. Oseasohn (NY Bar No. 5366174)
Mark Franke (NY Bar No. 5198999)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
Fax: (212) 354-8113
gstarner@whitecase.com
sam.hershey@whitecase.com
ariel.oseasohn@whitecase.com
mark.franke@whitecase.com

*Counsel for Proposed Amicus Curiae AHA Foundation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2018, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all parties to this proceeding. The foregoing document was also sent to all parties in this case via email.

*s/ Mark Franke*
Mark Franke