**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

                            Plaintiff,

      v.

JUMANA NAGARWALA, et al.,

                         Defendants.

_____

Misc. Action No.: 18-mc-51358
Crim. Action No.: 17-cr-20274

Hon. Bernard A. Friedman
Mag. David R. Grand

**REPLY BRIEF OF EQUALITY NOW, WESPEAKOUT, SAHIYO, AND**
**SAFE HANDS FOR GIRLS IN OPPOSITION TO DEFENDANTS'**
**RESPONSE TO MOTION TO FILE BRIEF *AMICI CURIAE***
**AND MOTION TO STRIKE**

Proposed *Amici curiae* Equality Now, WeSpeakOut, Sahiyo, and Safe Hands for Girls (**Amici**), by their undersigned attorneys, submit this reply brief in opposition to Defendants' Response to Motion for Leave to File Brief *Amici Curiae* and Motion to Strike (**Opposition**).

## Argument

This case involves the United States' prohibition of female genital mutilation (**FGM**).  In their proposed brief, *Amici* provide the Court with valuable and unique information material to the constitutional challenges raised by Defendants, and which present important issues of first impression.

Defendants' effort to preclude this Court's consideration of *Amici*'s brief is factually and legally misguided.  Three of the proposed *Amici* are personally led by survivors of FGM; the fourth, Equality Now, works regularly with survivors of FGM from communities across the United States.  All *Amici* are actively involved, and have special expertise, in the legal response to FGM around the globe.  It is manifest that the proposed *amicus* brief provides important information bearing upon this Court's decision which has not been presented by the Government.

This is precisely the type of brief that should be admitted pursuant to Federal Rule of Appellate Procedure (**F.R.A.P.**) 29, which Defendants agree should guide the Court's decision.  It cannot be that the Defendants—who stand accused of performing and conspiring to perform FGM across interstate lines yet have brought a (disfavored) facial constitutional challenge to avoid answering those charges— can move to strike an *amicus* brief on the basis of *their* subjective view that the

brief's arguments are "sufficiently" or "adequately" addressed in the Government's brief.

F.R.A.P. 29 does not permit Defendants to silence *Amici* and the survivors they represent in this way.  Because the proposed brief brings relevant information to the attention of the Court that was not already presented by either party, *Amici* should be heard on this facial challenge to Section 116, which could have far-reaching consequences for girls at risk of FGM throughout the United States.

## I.    *Amici's* brief is not redundant with the brief of the United States.

Defendants have accepted that F.R.A.P. 29 applies to *amicus* submissions in the Eastern District of Michigan.  Opp. at 8.  *Amici's* brief meets the requirements of this rule: it "brings relevant matter[s] to the attention of the court that has not already been brought to its attention by the parties."[1]

The only cases Defendants cite in opposition are out of circuit.[2]  Even if the Court were to apply Judge Posner's exacting standard for *amicus* submissions, *Amici*'s brief would meet it.  The arguments offered by *Amici* provide "unique information [and] perspective that can help the Court beyond the help that the

---

[1] Fed. R. App. Proc. 29, Brief of an Amicus Curiae, Committee Notes on Rules, 1998 Amendment (quoting Sup. Ct. R. 37.1).

[2] Defendants cite three cases from the Seventh Circuit and one case from the Fifth Circuit in support of their Opposition, with no indication of whether the Sixth Circuit has chosen to follow these circuits' restrictive interpretation of F.R.A.P. 29.

lawyers for the parties are able to provide." Opp. at 7 (citing *Ryan v Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 1062-1063 (7th Cir. 1997)).

In addressing the Commerce Clause and Treaty Power justifications for Section 116, *Amici*'s proposed brief complements, rather than duplicates, that of the United States. The Government's brief does not set out the separation of powers and deference arguments that *Amici* call to the Court's attention; nor does it have the benefit of the comparative law research which *Amici* have undertaken. This research demonstrates a global consensus regarding the International Covenant on Civil and Political Rights (***ICCPR***) and other treaties to which other countries *as well as* the United States are party—namely, that these treaties provide for the criminalization of FGM.

*Amici*'s brief also makes the following unique arguments not found in the United States' brief:

- *Treaty Power:* The United States' interpretation of its treaty commitments falls in line with the international consensus on FGM and with other countries' efforts to eradicate it. *Amici*'s brief explains why the executive and legislative branches' implementation of the United States' treaty commitments deserve deference by the Court. *Amici* Brief at 12, 13. It also situates Section 116 within the global

movement to outlaw FGM, showing that U.S. law comports with the international consensus on FGM. *Id.* at 14-21. This complements, and does not duplicate, the United States' focus on the nexus between Section 116 and the ICCPR.

- *Commerce Clause:* The proposed brief explains further the need for a federal response to FGM, a practice with which *Amici* are intimately familiar both within and outside of the Dawoodi Bohra community. The brief shows how FGM transcends state lines, which renders the partial state-level response to FGM—with 23 states having no ban against FGM—wholly inadequate. *Amici* Brief at 24. In addition, the brief discusses the diffuse nature of the "demand" for FGM practitioners in the United States (as well as their concentrated "supply"). *Id.* at 24-25. This provides the Court with important context for why FGM qualifies as an inherently commercial interstate practice that can and should be regulated at the federal level, as Congress has done.

## II.   *Amici's* brief offers relevant arguments from a unique perspective.

The arguments in *Amici's* brief are relevant to the constitutional challenge presently before the Court.

Defendants' attempt to dismiss *Amici*'s brief as irrelevant ignores the fact that they are making a *facial* challenge to Section 116. It is *Defendants* that have made the wider context relevant by mounting a legal challenge divorced from the specifics of this case (which notably involved interstate travel), and that instead would apply to Section 116 in all of its possible applications. If successful, this challenge would have implications far beyond this particular prosecution. As *Amici* explain in their brief, at least 513,000 women and girls in the United States are living with, or are at risk of, FGM. *Amici* Brief at 6. Section 116 protects these women and girls, and the Court should be apprised of the deleterious effects flowing from Defendants' constitutional challenge to Section 116.

The broad implications of Defendants' facial challenge to Section 116 necessitate a discussion of the wider international context underlying Section 116, as well as an inquiry into FGM's commercial nature and its impact on women, families, and communities. *Amici* are uniquely situated to provide such information. *Amici* have worked for years to advocate for anti-FGM measures in a wide range of jurisdictions, including in the United States.[3] Three of them—WeSpeakOut, Sahiyo, and Safe Hands for Girls—are headed by survivors of FGM. *Amici* therefore can personally attest to the lifelong physical and health consequences that FGM entails for women and girls, and have a good

6

understanding of the factors that have informed the widespread prohibition of FGM under domestic and international law.

Finally, *Amici* are not a "friend of the party"; they are a friend of the Court. *Amici* have an interest in this case for an obvious reason: this case is a landmark step in the domestic and global campaign to eliminate FGM and the continued cutting of women's and girls' genitalia for non-medical reasons.  The outcome of Defendants' constitutional challenge to Section 116 will affect *far more* people than just members of the self-described "devout" Dawoodi Bohra community.  If successful, their motion to dismiss would eviscerate essential protections against a particularly horrific form of gender-based violence and child abuse for all communities, and throughout the United States (particularly in the 23 states that lack FGM bans).

The mission of *Amici* is to eradicate FGM in the United States and worldwide, and this is intimately connected with the personal experiences of *Amici* and/or the survivors they represent.  *Amici* thus have a clear interest in the protection of girls from the violence embodied by this case.

---

[3] *See* Interest of *Amici Curiae,* pp. 1-3.

## III.   Defendants' other objections are meritless and irrelevant.

Defendants spend over two pages of their motion explaining how the appended stories of FGM survivors' experiences in *Amici*'s proposed brief are provided by women who practice a more "progressive" form of the Dawoodi Bohra religion, and why their experiences are therefore irrelevant.  Opp. at 6, 7.  This misguided line of argumentation is offensive to the survivors who have come forward with their stories in order to protect other women and girls from the abuse they have suffered.  Defendants do not, and cannot, substantiate their purported distinction between "progressive" and "devout" Bohra, which they in any event admit has nothing to do with the admissibility of *Amici's* brief.[4]  Defendants are not the arbiters of which beliefs are sufficiently "pure" as to be admissible in this Court.  As shown in Annex 1 of the *amicus* brief, these survivors are not "random women," Opp. at 7, and the physical and mental scars left by FGM have nothing to do with their religious beliefs.  Defendants should not be permitted to silence their voices or to prevent this Court from hearing them.

---

[4] Opp. at 7 ("While these issues may be relevant at trial in this matter, *they are not relevant* as to Congress' authority to enact the FGM statute.") (emphasis added).  In any event, resolutions issued by religious authorities in the Bohra community in the United States oppose the practice of FGM.  A compilation of such resolutions is available at "Dawoodi Bohra Resolutions Against Khafd/Khatna (FGC)," https://sahiyo.com/dawoodi-bohra-resolutions-against-khafdkhatna-fgc.

The survivors' experiences detailed in *Amici*'s brief are relevant and material to the constitutional challenge to Section 116 for at least three reasons:

- *First*, the survivors' stories offer cogent perspectives on why FGM is a form of gender-based violence and child abuse, and why there is a global movement to ban it in which the United States has chosen to participate by enacting Section 116.

- *Second*, these accounts reinforce the true stakes of this case. It would be a significant blow to the rights of these and many other survivors, as well as to countless women and girls in the United States at risk of FGM, if Section 116 were to be ruled unconstitutional.

- *Third*, these stories offer the Court concrete and specific insights into the standard practice of paying cutters to conduct FGM. *Amici*'s Brief at Annex 1. The commercial realities of how FGM is performed are highly material to Defendants' arguments as to interstate commerce.

Defendants' remaining arguments are inapposite. Their suggestion that *Amici* do not have an understanding of the facts of this case because they lack access to discovery, Opp. at 13, is a red herring. Defendants have mounted a *facial* constitutional challenge, affecting women and girls all over the United States. Any confidential information in this case, found only via the discovery process, is

9

unnecessary to address to the motion to dismiss, which is a *legal* and *not* a factual challenge.

Finally, Defendants refer to the Government's witnesses being members of the *Amici* organizations. Opp. at 13. This is false. As of the time of this filing no one from *Amici* has agreed, or even been approached, to offer evidence for the Government. Whoever the witnesses are to whom Defendants intend to refer, they have not had any involvement with the proposed *amicus* brief. And in any event, *Amici* speak for themselves (as international human rights organizations), not as individuals.

## Conclusion

For the foregoing reasons, Equality Now, WeSpeakOut, Sahiyo, and Safe Hands for Girls respectfully request that this Court (i) deny Defendants' Opposition and (ii) grant *Amici*'s motion for leave to submit the proposed brief *Amici curiae.*

Respectfully submitted,


/s/ Luke A. Sobota
Shelby Quast                         Luke A. Sobota
Jacqui Hunt                          *Counsel of Record*
Divya Srinivasan                     Jessica Ji
EQUALITY NOW                         Amelia Keene
125 Maiden Lane B                    Philipp Kotlaba
New York, NY 10038                   Kimberly Larkin
                                     Ana Lenard
Mariya Taher                         Laura Pereira
SAHIYO                               Nastasja Suhadolnik
45 Prospect Street                   *Of Counsel*
Cambridge, MA 02139                  THREE CROWNS LLP
                                     3000 K Street, N.W.
Jaha Dukureh                         Suite 101
SAFE HANDS FOR GIRLS                 Washington, D.C. 20007-5109
225 Peachtree Street, NE             (202) 540-9477
Atlanta, GA 30303                    luke.sobota@threecrownsllp.com

Zehra Patwa                          Lucy Martinez
WESPEAKOUT                           *Of Counsel*
Tara Mahal, Plot No. 756
5th Road                             Schona Jolly QC
Khar West, Mumbai                    *Of Counsel*
Maharashtra 4000055                  CLOISTERS
India                                1 Pump Court
                                     London, EC4Y 7AA
                                     United Kingdom

                                     *Attorneys for Amici Curiae*


Dated:        October 17, 2018


11

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the following documents with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record: Motion of Equality Now, WeSpeakOut, Sahiyo, and Safe Hands for Girls in Opposition to Defendants' Response to Motion to File Brief *Amici Curiae* and Motion to Strike.

/s/ Luke A. Sobota
Luke A. Sobota